## E. W. Bates *v.* The State.

Plea.— A conviction is an absolute nullity unless a plea was either made by or entered for the accused. He must plead either guilty or not guilty, or, if he refuses to plead, the plea of not guilty must be entered for him; and, on appeal, the record must show the plea or the conviction will be set aside.

Appeal from the County Court of Travis. Tried below before the Hon. Z. T. Fulmore.

The conviction was for demanding higher fees than the appellant, as district surveyor, was entitled to receive. A fine of ten dollars was the punishment assessed against him.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

White, P. J. "Due course of the law of the land" requires in criminal cases of all grades that upon the trial the accused must plead guilty or not guilty to the charge against him, or, failing or refusing to plead, that a plea of not guilty shall be entered for him. There is no exception to the rule, and without a plea there cannot be and is not any issue either for the jury to try or the court to determine; and the result of a trial without it, if a conviction be the result, is an absolute nullity.

The authorities to this effect are so abundant and common that the iteration and reiteration of the rule ought at this day to be unnecessary. And yet the record before us fails utterly to show this important, absolute prerequisite to the validity of the judgment rendered in this case, and the judgment must be reversed, therefore, in order that the defendant may submit one of the issues prescribed by law to the charge preferred against him in the indictment.

*Reversed and remanded.*